1IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

| | |
|---|---|
| In Re: | ) |
| | ) |
| JAMES KENNETH JUBILEE, | ) CASE NO. 13-12268-BFK |
| | ) Chapter 11 |
| *Debtor.* | ) |

CONSENT ORDER MODIFYING CHAPTER 11 PLAN

Notwithstanding any provision of the Debtor's Plan of Reorganization, the following provisions shall apply to the payment of liabilities to the Internal Revenue Service.

1.   Post-Petition Obligations:   The post-petition obligations of the Debtor and the Estate to the Internal Revenue Service shall be paid in full, with interest (pursuant to 26 U.S.C., Sections 6621 and 6622) and penalties, in the normal course of business.  There shall be no requirement that the Internal Revenue Service file any request for payment of such expenses, nor any deadline for the filing of such requests.  Nor shall any such expenses be discharged in this proceeding.

2.   Secured Claims:   The secured claim of the Internal Revenue Service is allowed in full as filed on its proof of claim and shall be paid in equal quarterly payments within 5 years of the Petition Date, with interest from the Petition Date at the rate of 3 percent pursuant to 26 U.S.C., Sections 6621 and 6622.  The Internal Revenue Service shall retain its liens upon the

Robert K. Coulter
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 2993745
Fax: (703) 299-2584
Counsel for the United States

property of the Debtor until the secured claims are paid in full. In addition, such liens attach to all post-petition property of the debtor until all of the secured claims of the Internal Revenue Service are fully satisfied.

3. <u>Priority Claims</u>: The unsecured priority claim of the Internal Revenue Service is allowed in full as filed on its proof of claim and shall be paid in equal quarterly payments within 5 years of the Order of Relief, with interest from the Confirmation Date at the rate of 3 percent pursuant to 26 U.S.C., Sections 6621 and 6622.

4. <u>General Unsecured Claims</u>: The General Unsecured claim of the Internal Revenue Service shall be treated in accordance with Section 2.03 of the Plan and shall be paid within 60 months of the Petition Date.

5. <u>Misc.</u>: The discharge granted by 11 U.S.C., Section 1141(d) is modified as to the tax debt to the Internal Revenue Service and the discharge of any tax debt under this plan shall not be effective until all priority taxes provided for under this plan have been paid in full. Notwithstanding any provision of the Plan the Debtor shall not be discharged from any liability owed to the United States of America that is otherwise nondischargeable pursuant to the relevant provisions of Title 11 and other non-title 11 sourced statutes.

6. <u>Misc.</u>: The debtor will pay all federal taxes as they become due, will file all federal tax returns on a timely basis and will comply with all provisions of Title 26, U.S.C.

If the debtor or its successor in interest fails to make any payment required by the Plan to the Internal Revenue Service within 14 days of the due date of such payment or fails to abide by any other term of this plan applicable to the Internal Revenue Service, then the United States may declare that the debtor is in default of the plan. Failure to declare a default does not constitute a

waiver by the United States of the right to declare that the successor in interest or debtor is in default. All notices of default shall be given to the Debtor at his last known address, and to counsel for the Debtor at the address set forth below.

If full payment is not made within 21 days of such demand, then the entire liability, together with any unpaid current liabilities, shall become due and payable immediately. If the Debtor does not cure the default prior to the expiration of the 21 day cure period, then the Internal Revenue Service may collect any unpaid liabilities through the administrative collection provisions of the Internal Revenue Code, without the need for Bankruptcy Court approval. This shall include full reinstatement of the administrative collection powers and the rights of the Internal Revenue Service as they existed prior to the filing of the bankruptcy petition in this case, including, but not limited to, the assessment of taxes, the filing of the Notice of Federal Tax lien and the powers of levy, seizure, and sale under Subtitle F, Procedure and Administration, of the Internal Revenue Code.

7. Section 5.03 of the Plan relating to undeliverable distributions shall not apply to the United States of America.

8. Section 7.06 of the Plan imposing a permanent injunction shall not apply to the United States of America.

9. Section 9.04 of the Plan reflects the Debtor's understanding of its post-petition tax obligations and shall not be binding upon the United States of America.

Date:
Feb 17 2014

/s/ Brian F. Kenney
_____
HON. BRIAN F. KENNEY
United States Bankruptcy Judge

Copies to:

Robert K. Coulter
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314

Jennifer Schiffer
4905 Del Ray Avenue, Suite 507
Bethesda, MD 20814

Joseph A. Guzinski
Office of the United States Trustee
115 South Union Street, Room 210
Alexandria, VA 22314

WE ASK FOR THIS:

/s/ Robert K. Coulter
Robert K. Coulter
Assistant United States Attorney, VSB:42512
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3745
Telefax: (703) 299-2584
Counsel for United States of America


/s/ Jennifer Schiffer     By RK Coulter with permission via email dated 1/27/2014
Jennifer Schiffer
4905 Del Ray Avenue, Suite 507
Bethesda, MD 20814
Tel: (301) 986-5570
Counsel for the Debtor


## LOCAL RULE 9022-1(C) CERTIFICATION

I hereby certify that this proposed Order has been endorsed by all necessary parties.

Date: February 7, 2014

/s/ Robert K. Coulter
ROBERT K. COULTER